IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| PATRICIA A. SIMS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KAHRS LAW OFFICES, P.A.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Patricia A. Sims ("Sims"), on behalf of herself and others similarly situated, by and through her undersigned counsel, and states and alleges as follows:

### NATURE OF THE CASE

1.      This case is about a debt collector who violated several state and federal statutes when it publicly disclosed consumers' and debtors' personally identifiable information (PII) in court filings, including their full bank account number and full routing number.

2.      This is a proposed class action which seeks injunctive relief and damages on behalf of consumers whose PII was publicly disclosed by Kahrs in court filings.

### PARTIES

3.      Plaintiff Patricia A. Sims is a Missouri resident and consumer.

4.      Defendant Kahrs Law Offices, P.A. ("Kahrs") is a Kansas professional

association. Kahrs can be served by serving its registered agent, Jim Spencer, at 1617 N

Waterfront Parkway, Suite 400, Wichita, Kansas 67206.

## JURISDICTION & VENUE

5.      This Court has subject matter jurisdiction over this case pursuant to 28

U.S.C. §§ 1331, 1332 because Plaintiff alleges claims under federal statute and there is

diversity jurisdiction under the Class Action Fairness Act. To the extent diversity

jurisdiction may be lacking, this Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant because Defendant's

principal place of business is within Kansas.

7.      This District is the proper venue pursuant to 28 U.S.C. § 1391(b)(1)

because Defendant is a resident of this District.

## FACTS COMMON TO ALL COUNTS

8.      Defendant Kahr Law Offices, P.A. ("Kahrs") is a debt collector which

collects debts owed to others in Kansas and Missouri, and perhaps other surrounding

states.

9.      One of Kahrs' clients is Lakshmi Finance, LLC d/b/a Advance Financial

("Advance Financial").

10.     Advance Financial is a lender who predominantly lends money online.  Its

only brick-and-mortar locations are in Tennessee but, according to its website, it also

lends in other states, including Kansas, Nebraska, and Missouri.[1]

11.    Upon information and belief, Advance Financial uses a substantially similar Agreement with each of its consumers.

12.    In filing lawsuits to collect alleged debts on behalf of Advance Financial, Kahrs attaches a copy of the Agreement to the petition as the basis on which the debt is allegedly owed.

13.    Upon information and belief, Kahrs filed approximately 1,000 lawsuits on behalf of Advance Financial in Missouri since 2020. Given Kahrs' principal place of business is in Kansas, it seems likely that Kahrs has also filed lawsuits on behalf of Advance Financial in Kansas given that it is doing so in Missouri.

14.    Upon information and belief, Kahrs has filed a copy of the debtor's alleged Agreement on each one of those lawsuits.

15.    Upon information and belief, Kahrs did not make any redactions to those Agreements or take other precautions to seal the Agreement or increase security so as to limit access to the Agreement to parties and counsel of parties when it filed those Agreements.

16.    Upon information and belief, Kahrs disseminated copies of the unredacted Agreements to process server(s) and/or a process service company.

17.    Thus, Kahrs filed approximately 1,000 lawsuits in Missouri publicly disclosing debtors' personally identifiable information (PII). Upon information and belief, Kahrs made similar public disclosures as to debtors' bank account and routing

---

[1] https://www.af247.com/online-loans/ (accessed Feb. 25, 2022).

numbers in its Kansas filings on behalf of Advance Financial.

18.    Discovery will be needed to determine whether Kahrs makes similar public disclosures with respect to its other client-creditors.

**Plaintiff Patricia Sims**

19.    In March 2018, Sims was concerned that she might not have enough funds available to cover the taxes on her house.

20.    Due to that concern, Patricia decided to see if she would qualify for a loan and what the terms of such loan might be.

21.    Sims found Advance Financial online and decided to initiate the loan application process in case she needed additional funds.

22.    While Sims filled out most, or all, of the application, she did not agree or finalize the application, nor did she accept or receive any funds from Advance Financial.

23.    Despite this, on or about March 24, 2021, Advance Financial, through its attorney and agent Kahrs, filed a lawsuit in Jackson County, Missouri (Case No. 2116-cv07115; hereinafter "the Lawsuit") against Sims seeking $4,047.42.

24.    Sims was served with the petition and summons on July 5, 2021.

25.    In filing the Lawsuit, Kahrs filed a petition along with Exhibit A, a copy of the purported Advance Financial Line of Credit Disclosure and Account Agreement ("Agreement").

26.    This Agreement contains the full bank account number and routing number for Sims' personal bank account.

27.     Additionally, this Agreement contains Sims' full name, address, and telephone number.

28.     Kahrs filed a complete, *unredacted* copy of the Agreement with the Court, meaning that Kahrs made Sims' personal and confidential information publicly available.

29.     Further, Kahrs had Sims personally served with the summons and petition, including a copy of the Agreement. This means that Kahrs disseminated the unredacted Agreement to a process server and/or a process service company.

30.     On or about July 12, 2021, Sims' counsel left a voicemail for Advance Financial's counsel to inform it that Sims was represented by an attorney. Sims' counsel also mailed Advance Financial's counsel a Notice of Representation and Preservation the same day.

31.     Approximately a week later, on or about July 19, 2021, Advance Financial proceeded to dismiss its lawsuit against Sims *without* prejudice, and without providing an explanation to Sims or Sims' counsel.

32.     Approximately three months after Advance Financial dismissed its lawsuit, Sims brought a lawsuit against Advance Financial in Jackson County, Missouri.

33.     As part of discussion with Advance Financial, Sims informed Advance Financial that it had discovered it filed her Agreement in its initial lawsuit without taking precautions to protect her PII.

34.     Upon information and belief, Advance Financial informed Kahrs of this disclosure of PII. As a result of Sims' notice, Kahrs moved to seal the Agreement.

However, this meant Sims' bank account number and routing number were publicly available as a result of Defendant's conduct for nearly a year.

35.     Upon information and belief, Kahrs has moved to seal similar Agreements in other cases on behalf of Advance Financial. However, upon information and belief, it does not appear that Kahrs has moved to seal the Agreement in all cases where it filed unredacted copies of the Agreement.

## CLASS ACTION ALLEGATIONS

36.     Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiff brings this action on behalf of herself and the following proposed class ("Class"):

> All persons against whom Kahrs filed a lawsuit in which Kahrs filing documents including person's complete and unredacted bank account number(s) and/or routing number(s) on or after the date three years prior to the filing date of this lawsuit through the date the Class is certified.

37.     Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiff brings this action on behalf of herself and the following Missouri sub-class ("Missouri Sub-Class"):

> All Class members against whom the lawsuit filed by Kahrs was filed in Missouri.

38.     "Class Period" shall thus be defined as the two years prior to filing and through that date a Class is certified.

39.     Excluded from the proposed Class are Defendant; any affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director, or employee of Defendant; any successor or assign of Defendant; anyone employed by counsel in this action; any judge to whom this case is assigned; that judge(s)' spouse; and members of the judge(s)' staff(s).

40. **Numerosity**: As stated, Defendant has filed approximately 1,000 lawsuits on behalf of Advance Financial against Missouri debtors. Thus, the proposed class would comprise at least 1,000 individuals.

41. **Commonality and Predominance**: Common questions of law and fact exist as to all proposed Class members and predominate over questions affecting only individual Class members. These common questions include:

   a. Whether Defendant filed a copy of the Agreement in a debt collection lawsuit without redacting the debtor's financial account information;

   b. Whether Defendant was negligent with regard to its filing of lawsuits;

   c. Whether the public disclosure of a debtor's private financial account number violates various state and federal laws; and

   d. Whether Plaintiff and Class members are entitled to injunctive relief, monetary damages, restitution, declaratory relief, and/or other remedies.

42. **Typicality**: Plaintiff's claims are typical claims of members of the proposed Class. Plaintiff and the members of the proposed Class all reside in Missouri and were sued by Advance Financial for an alleged debt pursuant to an Agreement.

43. **Adequacy**: Plaintiff is an adequate representative of the proposed Class because her interests do not conflict with the interests of the members of the Class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class-action litigation and will prosecute this action vigorously on the Class members' behalf.

44. **Superiority**: A class action is superior to other available means for the fair

and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Even if Class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing many actions arising from the same issues, individualized litigation increases the delay and expense to all parties and the court system. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**COUNT ONE:**
**Injunctive Relief**
**Plaintiff individually and on behalf of the proposed Class**

45.    Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully set forth herein.

46.    Plaintiff brings this Count One individually and on behalf of the proposed Class.  This injunction is, and should be considered, a public injunction.

47.    On behalf of herself and all Missouri consumers, Plaintiff seeks an injunction preventing Kahrs from disclosing consumer's personal bank account information in public filings now and in the future. To the extent Kahrs have previously disclosed consumer's personal bank account information in public filings, Plaintiff seeks an injunction requiring Kahrs to take actions to seal and/or increase security on such filings.

48.    As a result of Kahrs' actions as alleged herein, Plaintiff and the putative

class members have suffered and will continue to suffer severe and irreparable harm and injury in that their personally identifiable information has been publicly disseminated, such that they are at risk for identity theft and identity fraud.

49.     Further, Plaintiff and the putative class members have suffered a loss of privacy and have been deprived of the value of their PII.

50.     This harm far outweighs any conceivable damage to Kahrs that could arise from such injunction.

51.     If not enjoined, Kahrs will continue to injure the general public through its unlawful practices as alleged herein, which are directed at the consuming public, including Kansas and Missouri residents.

52.     An injunction, if issued, would be well within the public interest in enforcing confidentiality of personally identifiable information and protecting consumers from an increased risk of identity theft.

53.     Plaintiff and the putative class have no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the Court enter a preliminary and/or permanent injunction, directing Defendant to remedy the previous public filing of personally identifiable information and not to disclose such information in public filings now and in the future.

## COUNT TWO:
### Negligence
### Plaintiff individually and on behalf of the proposed Class

54.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully set forth herein.

55.     Plaintiff brings this Count Two individually and on behalf of the proposed Class.

56.     Pursuant to RSMo. § 509.520.1(2), Kahrs owed a duty to Plaintiff and the putative class members not to file any pleadings, attachments, or exhibits with the court that contained the "financial account number of any party."

57.     Missouri Supreme Court Operating Rule 2.05(c) defines "Personal information" to include "Financial institution account numbers, credit card numbers, personal identification numbers, or passwords used to secure accounts."

58.     Similarly, Missouri Supreme Court Operating Rule 2.02 requires redaction of personal information in filings and further provides that "the responsibility for any mandatory redaction of personal information rests solely with counsel, the parties, or any other person filing the document."

59.     At the time Kahrs filed the Lawsuit and Agreement, Kahrs was required to "affirmatively certify compliance with the redaction requirements of this [Missouri Supreme Court Operating Rule 2.02]". Missouri Supreme Court Operating Rule 2.02(b).

60.     Kansas' laws and rules are substantially the same. That is, Kansas Supreme Court Rule 24 provides that "In all filings, an attorney … is solely obligated to protect the confidentiality of personally identifiable information as identified in this rule by ensuring that the filing contains no personally identifiable information."

61.     Personally identifiable information is defined to include "the following numbers except for the last four digits: … a financial account number, including a bank, credit card, and debit card account". Kansas Supreme Court Rule 24(b)(8).

62.    When filing, Kansas requires the filer to provide "a certification by an attorney … that the document has been reviewed and … complies with this rule." Kansas Supreme Court Rule 24(e).

63.    Notably, Kansas' e-filing system will not permit the filer to complete the filing unless they check a box specifically certifying redactions have been made:

☐ **CERTIFICATE OF COMPLIANCE***
I certify the document(s) being filed comply with applicable requirements of the Kansas Supreme Court Rules regarding personally identifiable information or sealed documents:
1. For documents submitted for filing with a court located in a judicial district using the Odyssey electronic case management system, the attached document(s) are submitted under Supreme Court Rule 22(d), Supreme Court Rule 23(b) or Supreme Court Rule 24; or
2. For documents submitted for filing with a court located in a judicial district not using the Odyssey electronic case management system, the attached document(s) are submitted under Supreme Court Rule 123.
*An up-to-date listing of Judicial Districts operating under the Odyssey case management system is available on the judicial branch website at www.kscourts.org.

64.    Kahrs breached that duty when it publicly filed Agreement without redacting Plaintiff and the putative class members' bank account numbers and/or routing numbers.

65.    But for Kahrs' negligence in failing to redact and/or seal Plaintiff and the putative class members' financial account number in the Agreement, Plaintiff and the putative class members would not be damaged.

66.    As a direct and proximate result of Kahrs' breach, Plaintiff and the putative class members have been damaged.

67.    Because of the clear statutory obligation, Kahr's conduct also constitutes negligence per se.

68.    Because Kahrs was required to "affirmatively certify" compliance with the redaction requirements, its conduct was at best grossly negligent. For this, and the other reasons outlined herein, Plaintiff and the putative class members are entitled to

punitive damages.

69.     Plaintiff and the putative class members' actual damages include, but are not limited to, aggravation, inconvenience, embarrassment, frustration, and dissemination of false credit information in public.

70.     As a result of Kahrs' actions as alleged herein, Plaintiff and the putative class members have suffered and will continue to suffer severe and irreparable harm and injury in that their personally identifiable information has been publicly disseminated, such that they are at risk for identity theft and identity fraud.

71.     Further, Plaintiff and the putative class members have suffered a loss of privacy and have been deprived of the value of their PII.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial, for her actual damages, pre- and post-judgment interest at the greatest rate allowed by statute, and for such other and further relief as may be just and proper under the circumstances.

**COUNT THREE:**
**Violations of the Missouri Right to Financial Privacy Act**
**Plaintiff individually and on behalf of the proposed Missouri Sub-Class**

72.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully set forth herein.

73.     Plaintiff brings this Count Three individually and on behalf of the proposed Missouri Sub-Class.

74.     Under RSMo. § 408.680, a financial institution, or officer, employee, or

agent thereof shall not provide to any government authority access to the financial record of any customer.

75.    Plaintiff and the putative class members are a "customer" as defined by RSMo. § 408.675.2(1) as they each "utilized services of" a financial institution.

76.    Advance Financial is a "financial institution" as defined by RSMo. § 408.675.2(2). Additionally, all, or substantially all creditors on whose behalf Kahrs filed cases would qualify as a "financial institution."

77.    By acting as a debt collector on behalf of Advance Financial, Kahrs is an agent of Advance Financial.

78.    The Missouri Judiciary is a "government authority" as defined by RSMo. § 408.675.2(4).[2]

79.    The Agreement is a "financial record" as defined by RSMo. § 408.675.2(3) because it is an original or copy of a record held by a financial institution pertaining to a customer's relationship with the financial institution.

80.    By publicly filing the Agreement with the Missouri Judiciary, Kahrs disclosed Plaintiff and the putative class members' financial records in violation of RSMo. § 408.680.

81.    Plaintiff and the putative class members are given a private cause of action by RSMo. § 408.696.

82.    As a result of this violation, Plaintiff and the putative class members are entitled to statutory damages of $1,000.00, their actual damages, and reasonable

---

[2] https://www.mo.gov/search-results?mode=state_agencies.

attorneys' fees and costs.

83.     As a result of Kahrs' actions as alleged herein, Plaintiff and the putative

class members have suffered and will continue to suffer severe and irreparable harm

and injury in that their personally identifiable information has been publicly

disseminated, such that they are at risk for identity theft and identity fraud.

84.     Further, Plaintiff and the putative class members have suffered a loss of

privacy and have been deprived of the value of their PII.

85.     Plaintiff and the putative class members' actual damages include, but are

not limited to, aggravation, inconvenience, embarrassment, frustration, and

dissemination of false credit information in public.

86.     Defendant's conduct was intentional, willful, wanton, fraudulent, and/or

with reckless disregard to the rights of Plaintiff and the putative class members,

entitling Plaintiff and the putative class members to punitive damages.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays

for judgment against Defendant in such amount as is allowable by law and to be

determined at trial, for her actual damages, pre- and post-judgment interest at the

greatest rate allowed by statute, for her costs and reasonable attorneys' fees, punitive

damages, and for other and further relief as may be just and proper under the

circumstances.

## COUNT FOUR:
### Violations of the Federal Debt Collection Practices Act
### Plaintiff individually and on behalf of the proposed Class

87.     Plaintiff incorporates by reference all facts and allegations contained in the

foregoing paragraphs as though fully set forth herein.

88.    Plaintiff brings this Count Five individually and on behalf of the proposed Class.

89.    Plaintiff and the putative class members' alleged debt arose out of a personal loan, which Plaintiff and the putative class members had filled out an application for personal, family, and/or household purposes.

90.    By filings lawsuits against Plaintiff and the putative class members, Kahrs has alleged that Plaintiff and the putative class members owe an obligation to pay money for that personal loan, as outlined more fully above.

91.    These personal loans are a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

92.    Kahrs is in the business of collecting debts. Specifically, Kahrs regularly collects debts on behalf of Advance Financial and, upon information and belief, other creditors.

93.    In this instance, Kahrs did in fact attempt to collect and/or actually collected an alleged debt from Plaintiff and the putative class members.

94.    Thus, Kahrs is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

95.    Additionally, the FDCPA prohibits Kahrs from engaging in unfair practices in connection with attempts to collect a debt. 15 U.S.C. § 1692f.

96.    Violations of § 1692f are not limited to the specifically enumerated

conduct.[3]

97.    Kahrs committed an unfair practice when it publicly filed Plaintiff and the putative class members' financial information and placing them at risk of identity theft/identity fraud.

98.    As a result of these actions, Plaintiff and the putative class members have suffered garden variety emotional distress.

99.    As a result of Kahrs' actions as alleged herein, Plaintiff and the putative class members have suffered and will continue to suffer severe and irreparable harm and injury in that their personally identifiable information has been publicly disseminated, such that they are at risk for identity theft and identity fraud.

100.    Further, Plaintiff and the putative class members have suffered a loss of privacy and have been deprived of the value of their PII.

101.    Pursuant to 15 U.S.C. § 1692k, Plaintiff and the putative class members are entitled to recover their actual damages, statutory damages in the amount of $1,000.00, and their costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for judgment against Kahrs in such amount as is allowable by law and to be determined at trial, for her actual damages, statutory damages, pre- and post-judgment interest at the greatest rate allowed by statute, and for such other and further relief as may be just

---

[3] S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696 ("this bill prohibits in general terms any harassing, unfair, or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed."); *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF JURY TRIAL

Plaintiff designates Kansas City, Kansas as the place for this case to be tried to a jury.

Respectfully submitted,

*/s/ Bryce B. Bell*
Bryce B. Bell          MO#66841
Mark W. Schmitz        MO#69329
Andrew R. Taylor       MO#72157
Jenilee V. Zentrich    MO#72781
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
JZ@BellLawKC.com

***Attorneys for Plaintiff and
the Proposed Class***