## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PATRICIA SIMS, on behalf of herself and
others similarly situated,**

       **Plaintiff,**

       **v.**

**KAHRS LAW OFFICES, P.A.,**

       **Defendant.**

**Case No. 22-2112-JWB-TJJ**

### MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss (ECF No. 13).

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] Therefore, the general policy in the District of Kansas is to not stay discovery even when dispositive motions are pending.[3]

However, there are exceptions to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan. 1990)).

uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

Examining these three exceptions, the Court finds a stay of discovery is not appropriate. With respect to the first exception, the Court looks at whether the case is likely to be finally concluded by the pending motion to dismiss. Defendant's motion does not address Count Three of Plaintiff's Complaint—for violations of Missouri's Right to Financial Privacy Act. Regardless of the outcome of Defendant's motion to dismiss, this claim survives. The first exception therefore cannot justify a stay.

Defendant also argues that the whole case is subject to dismissal because Plaintiff doesn't allege the required amount in controversy. But if a party challenges a diversity jurisdiction allegation, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify."[5] Plaintiff seeks both punitive damages and attorney fees, which is ordinarily enough to meet the threshold requirement. And Defendant's argument presupposes the Court will dismiss Plaintiff's federal claim—an assumption this Court is not willing to accept.

Even if the Court briefly considers the merits of the motion to dismiss in evaluating whether Defendant meets the first exception, the Court cannot find that the case is <u>likely</u> to be concluded as a result of Defendant's motion. In addition to the diversity jurisdiction argument, Defendant argues Plaintiff lacks Article III standing for failure to allege an injury in fact with respect to her Fair Debt Collection Practices Act ("FDCPA") claim. In support, Defendant cites a Supreme Court case under the Fair Credit Reporting Act for the proposition that a mere risk of

---

[4] *Id.*

[5] *Alpine Atlantic Asset Mgmt. AG v. Comstock*, 552 F. Supp. 2d 1268, 1273 (D. Kan. 2008) (quotation omitted).

future harm from identity theft is not sufficient to establish standing.[6] Defendant then says it is unaware of any Tenth Circuit case law addressing whether garden variety emotional distress or claims of aggravation, inconvenience, and embarrassment such as alleged by Plaintiff are sufficient to establish standing. Defendant ultimately cites Seventh Circuit case law to support its lack of standing argument.

But, what Defendant fails to mention is the Tenth Circuit case law specifically holding with regard to FDCPA cases that actual damages are not required for standing under the FDCPA.[7] Indeed, the FDCPA provides for liability for attempting to collect on unlawful debts, permitting damages up to $1000 in the absence of actual damages. The other arguments Defendant presents for dismissal (which the Court has reviewed but will not discuss) are no more convincing that Defendant is likely to prevail on its entire motion, such that the case is likely to be finally concluded. Again, this argument weighs in favor of Plaintiff.

As for the second exception, Defendant argues "the majority of the information sought in [Plaintiff's] discovery requests has no bearing on [Defendant's] Motion to Dismiss."[8] Of course, the converse of this statement is that some of the discovery requests may relate to the motion to dismiss. This argument also weighs in favor of Plaintiff.

Finally, regarding the third exception, Defendant argues that discovery will be wasteful or burdensome, stating it "will be forced to review thousands of its case files spanning the course

---

[6] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

[7] *Robey v. Shapiro, Marianos & Cejda*, 434 F.3d 1208, 1212 (10th Cir. 2006). Other Circuits have held similarly. *See Miller v. Wolpoff & Abramson*, 321 F.3d 292, 307 (2d Cir. 2003); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Baker v. GC Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

[8] ECF No. 13 at 2.

of three years."[9] But Defendant does not expand on this declaration or explain why the review would be burdensome. Defendant doesn't indicate how the files are stored, why they must be reviewed, and whether they can be reviewed electronically with search terms or whether someone must review them manually. Defendant has not met its burden of showing the discovery will be wasteful or burdensome.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Stay (ECF No. 13) is denied.

**IT IS SO ORDERED.**

Dated July 5, 2022, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[9] *Id.* at 4.